1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| **JOHN GIPSON,** | Case No. 1:15-cv-01500 DAD MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** |
| **v.** | **[Doc. 25]** |
| **JERRY BROWN, et al.,** | |
| Respondents. | |

18
19

Petitioner is a state detainee proceeding *pro se* with a petition for writ of habeas

20

corpus pursuant to 28 U.S.C. § 2241. Respondents are represented in this action by

21

Brenda A. Ray, of the Office of the Attorney General for the State of California.

22

**I.     BACKGROUND**

23

Petitioner is detained by the State of California pursuant to a January 13, 2012

24

judgment of the Superior Court of California, County of Alameda, finding probable cause

25

that Petitioner is a sexually violent predator under California's Sexually Violent Predator

26

Act ("SVPA"). (Cal. Welfare & Inst. Code § 660 et. seq.) (See, Mot. to Dismiss, Ray

27

Decl., Ex. D, ECF No. 25-1 at 95-97.) The court ordered Petitioner to be detained in

28

1

1    Coalinga State Hospital, where he is currently confined, while awaiting his SVPA trial.

2    (Id.) Although four years have passed after the probable cause hearing, there is no

3    indication that the County has held Petitioner's SVPA trial.

4         In preparation for filing the instant motion to dismiss, Respondent conducted a

5    search attempting to find records relevant to Petitioner's detainment. (See Needles

6    Decl., ECF No. 23-3.) It does not appear that Respondents were able to obtain all

7    records relevant to Petitioner's present detainment. Regardless, the Court will describe

8    the legal proceedings initiated by the state against Petitioner as revealed by

9    Respondents.

10        On February 22, 2005, Petitioner was convicted by the Alameda County Superior

11   Court upon pleading no contest to a count of committing a lewd and lascivious act on a

12   minor. (Ray Decl., Ex. B.) Petitioner was sentenced to a determinate term of eight years

13   in state prison. (Id.) Roughly eight years later, on January 13, 2012, the Alameda County

14   Superior Court found that Petitioner had been convicted of at least one sexually violent

15   offense, was diagnosed with a mental disorder, and was a danger to the health and

16   safety of others and likely would engage in sexually violent predatory criminal conduct

17   without treatment and custody. (Id.) Petitioner was therefore detained by the state under

18   the SVPA, and it appears that Petitioner is challenging this judgment by way of the

19   present petition for writ of habeas corpus. Respondent was not able to obtain any

20   records indicating that Petitioner challenged the probable cause ruling under the SPVA

21   in state court.

22        On July 28, 2015, Petitioner filed the instant petition for writ of habeas corpus in

23   this Court raising various challenges to the SVPA. (Pet., ECF No. 1.) In general, he

24   contends that the SVPA is unconstitutional because it does not appropriately distinguish

25   between those sex offenders who are mentally ill and dangerous and those who are not.

26        On April 1, 2016, Respondent filed a motion to dismiss based on Petitioner's

27   failure to exhaust all the claims presented in the petition. (Mot. To Dismiss, ECF No. 25.)

28   Petitioner did not file an opposition.

1    II.    **DISCUSSION**

2          A.    **Should the Petition be Governed by Section 2241 or Section 2254?**

3          The initial issue before the Court is that of whether this petition for writ of habeas

4    corpus should be governed by the more general federal statute (§ 2241), or the more

5    specific section governing petitions for relief by individuals in state custody (§ 2254).

6    While exhaustion of remedies have been judicially enforced in habeas proceedings

7    under § 2241, AEDPA imposes a separate statutorily created exhaustion requirement for

8    petitions filed under § 2254. Accordingly, the resolution of this motion is dependent on

9    determining the nature of the habeas petition filed.

10         Although the Petition ostensibly was brought pursuant to 28 U.S.C. § 2241, the

11   law is well established that a habeas petition challenging a state civil commitment order

12   is governed by § 2254. See Duncan v. Walker, 533 U.S. 167, 176, 121 S. Ct. 2120, 150

13   L. Ed. 2d 251 (2001) (state court order of civil commitment satisfies § 2254's "in custody"

14   requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("It is

15   well established that detainees under an involuntary civil commitment scheme such as

16   SVPA may use a § 2254 habeas petition to challenge a term of confinement"); Carmony

17   v. Mayberg, No. CIV S-10-3381 GGH P, 2011 U.S. Dist. LEXIS 3470, 2011 WL 86662,

18   at *2 (E.D. Cal. Jan. 10, 2011) ("Plainly, if petitioner seeks to challenge the

19   constitutionality of a prior civil commitment pursuant to the SVP Act, he must proceed by

20   way of a petition pursuant to 28 U.S.C. § 2254."); Padilla v. King, 2014 U.S. Dist. LEXIS

21   183948 (C.D. Cal. Aug. 15, 2014).

22         The Court therefore construes the petition as challenge to Petitioner's state

23   detainment under 28 U.S.C. § 2254.

24         B.    **Procedural Grounds for Motion to Dismiss**

25         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

26   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

27   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

28   Section 2254 Cases.

1       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

2   answer if the motion attacks the pleadings for failing to exhaust state remedies or being

3   in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

4   420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

5   exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

6   Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

7   Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Based on the

8   Rules Governing Section 2254 Cases and case law, the Court will review Respondent's

9   motion for dismissal pursuant to its authority under Rule 4.

10       **C.**    **Exhaustion of State Remedies**

11       A petitioner who is in state custody and wishes to collaterally challenge his

12   confinement by a petition for writ of habeas corpus must exhaust state judicial remedies.

13   28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court

14   and gives the state court the initial opportunity to correct the state's alleged constitutional

15   deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455

16   U.S. 509, 518 (1982).

17       A petitioner can satisfy the exhaustion requirement by providing the highest state

18   court with a full and fair opportunity to consider each claim before presenting it to the

19   federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.

20   270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the

21   petitioner must have specifically told the state court that he was raising a federal

22   constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

23   (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme

24   Court reiterated the rule as follows:

25           In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
        exhaustion of state remedies requires that petitioners "fairly presen[t]"

26           federal claims to the state courts in order to give the State the
        "'opportunity to pass upon and correct alleged violations of the prisoners'

27           federal rights" (some internal quotation marks omitted). If state courts are
        to be given the opportunity to correct alleged violations of prisoners'

28           federal rights, they must surely be alerted to the fact that the prisoners are

asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

Respondent contends that Petitioner has filed no actions in state court challenging either the judgment of the Alameda County Superior Court finding probable cause that Petitioner is a sexually violent predator, or the constitutionality of the SVPA itself. As Petitioner has not presented his claims to the highest state court, Respondent argues that the claims of the present petition are not exhausted and are subject to dismissal.

The Court agrees. Upon independent review, the Court concludes that Petitioner has not presented his claims to the California Supreme Court. Petitioner has not presented any evidence rebutting Respondent's assertion that the claims were not exhausted in state court. As Petitioner has not exhausted the claims in the instant petition with the California Supreme Court, the petition must be dismissed without prejudice.

III.    **RECOMMENDATION**

Accordingly, it is hereby recommended that the Motion to Dismiss be granted and

the petition be dismissed in its entirety without prejudice for failure to exhaust state remedies.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   June 1, 2016                              /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE